THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLIANCE CONSULTING GROUP, LLC | § § § | PLAINTIFF |
| v. | § § | CIVIL NO.: 1:13CV274-HSO-RHW |
| SMICO MANUFACTURING CO., INC. | § § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS**

BEFORE THE COURT is Defendant SMICO Manufacturing Co., Inc.'s Motion to Dismiss for Improper Venue [13] Alliance Consulting Group, LLC's Complaint [1]. Having considered the Motion, Plaintiff's Response [20], Defendant's Reply [22], the documents submitted, the pleadings, and relevant legal authorities, the Court is of the opinion that Defendant's Motion should be denied.

I. BACKGROUND

Plaintiff Alliance Consulting Group, LLC ("Plaintiff") operates a facility which produces sand of varying sizes and purities. Compl. 1, ¶ 1 [1]. Defendant SMICO Manufacturing Co., Inc. ("Defendant") manufactures and sells equipment necessary to Plaintiff's operations. *Id*. Plaintiff purchased six pieces of machinery from Defendant. *Id*. Plaintiff now sues Defendant asserting the machinery is defective. *Id*. at 1-5, ¶¶ 1; 7-26. Defendant seeks dismissal contending the parties' contract contains a forum selection clause requiring Plaintiff to litigate its claims in the state courts of the State of Oklahoma. Mot. to Dismiss for Improper Venue ¶¶ 1-8 [13].

1

Plaintiff alleges the parties entered into a contract on November 17, 2011, for the purchase of the machinery. By July 10, 2012, two of the six pieces of machinery made the subject of the contract had been delivered to Plaintiff's facility in Picayune, Mississippi. Compl. 2-3, ¶¶ 8-10. The contract provides that

> The State of Oklahoma courts shall have jurisdiction for all disagreements as they pertain to payments, invoicing, manufacturing, service, parts and delivery. The buyer agrees to have said disagreements heard in Oklahoma courts unless agreed to in writing by an officer of SMICO Manufacturing Co. Inc.

Mot. to Dismiss for Improper Venue Ex. "A" [13-1]. Defendant contends that the second sentence mandates venue in the state courts of the State of Oklahoma unless otherwise agreed by an officer of Defendant. Mem. Br. in Supp. of Mot. to Dismiss for Improper Venue 3 [14]. Claiming its officers have never made such an agreement, Defendant argues venue is improper and dismissal is required. *Id.* at 4.

Plaintiff counters that dismissal is only proper where the forum selection clause constitutes a "clear and unequivocal waiver [of] . . . [f]ederal jurisdiction." Mem. Br. in Opp'n to SMICO's Mot. to Dismiss 3 [21]. According to Plaintiff, forum selection clauses lacking in specificity are not enforceable and the particular clause at issue is not specific because it could be interpreted as referring to either the state courts of the State of Oklahoma or federal courts sitting in the State of Oklahoma. *Id.* at 4-5. Plaintiff alternatively reasons that because the clause is unclear in this regard, it is ambiguous and should be construed against Defendant. *Id.* at 6-8.

## II. DISCUSSION

In diversity cases, federal law governs the issue of whether a forum selection clause will be enforceable. *Int'l Software Sys. v. Amplicon*, 77 F.3d 112, 114 (5th Cir. 1996). Where a court is presented with a motion to dismiss for improper venue resting upon a forum selection clause, the court must first determine whether the clause is mandatory or permissive, and, if mandatory, whether the clause is enforceable. *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 11-13 (1972)).

A.  Whether the Forum Selection Clause is Mandatory

Defendant acknowledges that the first sentence in the clause at issue is insufficient to mandate venue exclusively in the state courts of the State of Oklahoma. "A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). The issue is whether the second sentence mandates such a conclusion.

In *Alliance Health Group LLC v. Bridging Health Options, LLC*, the plaintiff filed a complaint in federal court predicating jurisdiction on diversity and alleging a contract dispute. 553 F.3d 397, 398 (5th Cir. 2008). A clause in the contract between the plaintiff and defendant provided "exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi." *Id.* (emphasis removed). The defendant moved to dismiss asserting the forum selection clause restricted venue only to state courts sitting in Harrison County, Mississippi. *Id.*

3

The district court denied the motion on grounds that the clause permitted filing the action in either state or federal court. *Id*.

On interlocutory appeal, the Fifth Circuit read the clause as being mandatory and noted the question was what, precisely, the clause mandated. *Id*. at 399, 402. The Court of Appeals emphasized that the clause provided "venue shall occur *in* Harrison County" and made "no reference to courts *of* that county." *Id*. at 400 (emphasis in original). Noting the use of the word "in" versus "of" suggested a lack of specificity, the Fifth Circuit concluded the clause allowed a lawsuit to be filed in either state or federal court and affirmed the district court's decision. *Id*. at 401-02.

In this case, the forum selection clause states in pertinent part that Plaintiff agrees "to have [all] disagreements heard *in* Oklahoma courts unless [otherwise] agreed to" by Defendant. Mot. to Dismiss for Improper Venue Ex. "A" [13-1] (emphasis added). By its plain terms, the clause demonstrates the parties' intent that all disagreements between the parties be heard in the State of Oklahoma, unless otherwise agreed to in writing by an officer of Defendant. *See City of New Orleans*, 376 F.3d at 504 (noting that where the terms of a clause "demonstrate the parties' intent to make [a] jurisdiction exclusive" the clause will be considered exclusive) (citation omitted). Based on the foregoing, the Court concludes the forum selection clause is mandatory.

B.  Whether the Forum Selection Clause is Enforceable

Having determined the forum selection clause mandates venue in the State of Oklahoma, the issue is where, precisely, in the State of Oklahoma must

disagreements between the parties be heard. In construing a forum selection clause, the prepositions "in" and "of" are not considered synonymous, and a clause placing venue "in" a particular county or state will be interpreted as permitting venue in either a state or federal court sitting in that particular county or state. *Alliance Health Group*, 553 F.3d at 400. The phrase "in Oklahoma courts" permits venue in either the state courts of the State of Oklahoma or in one of the three federal districts in the State of Oklahoma. *Id*. at 401-02.

Under current Fifth Circuit precedent, where a forum selection clause "allows the parties to select the federal courts of a different forum," the proper procedural mechanism for enforcing the clause is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) rather than a motion to dismiss pursuant to either 28 U.S.C. § 1406 or Federal Rule of Civil Procedure 12(b)(3). *In re Atlantic Marine Construction Company, Inc.*, 701 F.3d 736, 739 (5th Cir. 2012) (affirming denial of a motion to dismiss pursuant to Rule 12(b)(3) under such circumstances), *cert. granted*, 133 S. Ct. 1748 (2013).

Considering the Complaint without reference to the forum selection clause, venue would be proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391. Because the forum selection clause permits venue in a federal court sitting in the State of Oklahoma, the proper procedural mechanism is not dismissal pursuant to Rule 12(b)(3) but rather transfer pursuant to 28 U.S.C. § 1404(a); *see, e.g.*, *McBride v. Bilberry Family Ltd. P'ship*, No. 3:07-cv-722-DPJ-JCS, 2008 WL 4286532, *4 (S.D. Miss. Sept. 16, 2008) ("[I]f a forum selection provision allows

5

jurisdiction in another federal court, the proper method for attempting to enforce the provision is a motion to transfer under 28 U.S.C. § 1404(a).") (citing *Brock v. Baskin-Robbins, Inc.*, 113 F. Supp. 2d 1078, 1084 (E.D. Tex. 2000)); *Se. Consulting Grp., Inc. v. Maximus, Inc.*, 387 F. Supp. 2d 681, 684 (S.D. Miss. 2005) ("[W]hen a federal court is the agreed forum under an enforceable forum selection clause, the proper procedure for enforcing the clause is through a motion to transfer pursuant to § 1404 and not a motion to dismiss for improper venue."). Defendant has not filed a motion to transfer. Thus, although the forum selection clause is enforceable because the clause mandates venue in the State of Oklahoma, the Court concludes Defendants' Motion to Dismiss should be denied because the clause permits venue in any one of the federal districts in the State of Oklahoma.

### III.  CONCLUSION

For the foregoing reasons and because Defendant did not file a motion to transfer, the Court concludes that Defendant's Motion to Dismiss for Improper Venue should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion to Dismiss for Improper Venue [13] filed by Defendant SMICO Manufacturing Co., Inc. on August 9, 2013, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 6th day of November, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

6