THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALLIANCE CONSULTING GROUP, LLC** | § § § | **PLAINTIFF** |
| **v.** | § § | **CIVIL NO.: 1:13CV274-HSO-RHW** |
| **SMICO MANUFACTURING CO., INC.** | § § § | **DEFENDANT** |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

BEFORE THE COURT is Defendant SMICO Manufacturing Co., Inc.'s Motion to Transfer Venue [26] filed on December 17, 2013. Plaintiff Alliance Consulting Group, LLC has not filed a Response. Having considered the Motion, Defendant's Supplemental Memorandum Brief in Support of Motion to Transfer Venue [28], the record, and relevant legal authorities, and in light of the Court's previous Order [23] entered with respect to the issue of venue, the Court is of the opinion that Defendant's Motion should be granted and this civil action should be transferred to the United States District Court for the Western District of Oklahoma.

This dispute centers on a contract between the parties, as more fully set forth in the Court's Memorandum Opinion and Order Denying Defendant's Motion to Dismiss [23] entered on November 6, 2013. Pursuant to that contract, Plaintiff and Defendant agreed that

> The State of Oklahoma courts shall have jurisdiction for all disagreements as they pertain to payments, invoicing, manufacturing, service, parts and delivery. The buyer agrees to have said

> disagreements heard in Oklahoma courts unless agreed to in writing by an officer of SMICO Manufacturing Co. Inc.

Mot. to Dismiss for Improper Venue Ex. "A" [13-1]. The Court concluded that this forum selection clause was mandatory and enforceable, but the proper procedural vehicle for enforcing the clause was a motion to transfer venue rather than a motion to dismiss. Mem. Op. and Order Denying Def.'s Mot. to Transfer Venue at 5-6. As a result, the Court denied Defendant's Motion to Dismiss. *Id.* at 6.

Defendant now moves to transfer venue to the Western District of Oklahoma on the basis that the "public interest factors" point to the Western District of Oklahoma and Plaintiff's choice of forum bears no weight due to the existence of the forum selection clause. Supplemental Mem. Br. in Supp. of Mot. to Transfer Venue 3-5 [28]. The Court finds that Defendant's Motion to Transfer Venue is well-taken. The Court thus concludes that Defendant's Motion should be granted and that this civil action should be transferred to the United States District Court for the Western District of Oklahoma.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein and in the Court's Memorandum Opinion and Order Denying Defendant's Motion to Dismiss [23], the Motion to Transfer Venue [26] filed by Defendant SMICO Manufacturing Co., Inc. is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this case is **TRANSFERRED** to the United States District Court for the Western District of Oklahoma.

**SO ORDERED AND ADJUDGED**, this the 14th day of April, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE